IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENYATTA A.,

                Claimant,

      v.

FRANK J. BISIGNANO,
Commissioner of Social Security,

              Respondent.

No. 23 C 3644

Magistrate Judge Jeffrey T. Gilbert

## MEMORANDUM OPINION AND ORDER

Kenyatta A.[1] ("Claimant") seeks judicial review of the final decision of the Commissioner of Social Security[2] ("Commissioner"), denying her applications for a period of disability and disability insurance benefits and supplemental security income. Claimant is proceeding pro se, and the parties consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). [ECF No. 10]. Claimant filed a document titled Deposition Brief ("Claimant's Brief") [ECF No. 28], in which she asks this Court to review the Commissioner's decision denying her claims for disability benefits and supplemental security income. In response, the Commissioner filed its Motion for Summary Judgment ("Commissioner's Motion") [ECF No. 32] and Memorandum of

---

[1] In accordance with Northern District of Illinois Local Rule 8.1, the Court refers to Claimant only by her first name and the first initial of her last name.

[2] Frank J. Bisignano was confirmed as the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as the named defendant in this case.

Law in Support of Motion for Summary Judgment ("Commissioner's Memorandum") [ECF No. 33], and then Claimant filed her Response to Defendants Summary Judgment ("Claimant's Reply")[ECF No. 38]. After reviewing the record and the parties' briefs, Claimant's Brief [ECF No. 28] is denied, and the Commissioner's Motion [ECF No. 32] is granted. The decision of the Commissioner is affirmed.

## BACKGROUND

### I. Procedural History

On September 19, 2019, Claimant filed an application for a period of disability and disability insurance benefits and then on January 3, 2020 filed an application for supplemental security income. In both applications, Claimant alleged a disability beginning on June 1, 2019. The applications were denied initially and on reconsideration after which Claimant requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a telephonic hearing on January 12, 2021, and all parties participated in the hearing by telephone. Although informed of her right to representation, Claimant appeared and testified at the hearing without the assistance of counsel, and her daughter also appeared for the hearing. A vocational expert also testified during the hearing. On June 24, 2021, the ALJ issued his decision denying Claimant's applications for disability insurance benefits and supplemental security income and finding that she was not disabled under the Social Security Act. *See generally* (R.650-62).

Claimant then asked the Appeals Council to review the ALJ's decision. The Appeals Council granted Claimant's request for review, vacated the ALJ's decision, and remanded the case back to the ALJ for further consideration of Claimant's

residual functional capacity with regard to her vision and additional evidence that had been submitted to the Appeals Council. In its remand order, the Appeals Council directed the ALJ to clarify the effect of the assessed limitations regarding Claimant's vision and to ensure that all limitations are included in the hypothetical posed to the vocational expert. The Appeals Council also noted that Claimant had submitted additional medical evidence showing (1) continued eye care for herpetic stromal keratitis-left eye with severe inflammation, (2) a magnetic resonance imaging ("MRI") of the brain dated July 21, 2021, and (3) an ultrasound of the thyroid dated July 21, 2021, and which may require further consideration if necessary. *See generally* (R.669-70).

The ALJ held a supplemental hearing by telephone on April 20, 2022. Claimant again appeared and testified at the supplemental hearing without the assistance of counsel and her daughter also appeared for hearing. A vocational expert also testified. On May 3, 2022, the ALJ issued a new decision again denying Claimant's applications for disability insurance benefits and supplemental security income and finding that she was not disabled under the Social Security Act. *See generally* (R.675-89).

Claimant asked the Appeals Council to review the ALJ's second decision dated May 3, 2022, but the Appeals Council declined to review that decision, leaving the ALJ's May 3, 2022 decision as the final decision of the Commissioner. *See generally* (R. 5-10). Claimant then filed this lawsuit seeking judicial review of the Commissioner's decision, and this Court has jurisdiction pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## II.   The ALJ's Decision

Under the Social Security Act, disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform any past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and the burden shifts to the Commissioner at step five. *Gedatus v. Saul,* 994 F.3d 893, 898 (7th Cir. 2021); *Wilder v. Kijakazi,* 22 F.4th 644 (7th Cir. 2022). A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

Applying the five-part test in this case, the ALJ found at step one that Claimant had not engaged in substantial gainful activity since June 1, 2019, the alleged disability onset date. (R.678). At step two, the ALJ found Claimant had the

4

following severe impairments: residuals of breast cancer and treatment, left eye vision disorder, and depression. (R.678). At step three, the ALJ found that Claimant did not have any impairment or combination of impairments that met or equaled the severity of any listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. (R.678).

Before step four, the ALJ determined:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally climb ramps and stairs, and she can occasionally stoop, kneel, crouch and crawl, but she can never balance or climb ladders, ropes or scaffolds. She is not capable of performing tasks requiring precise binocular vision or depth perception. The claimant is limited to working in non-hazardous environments, i.e., no driving at work, operating moving machinery, working at unprotected heights, and she should avoid concentrated exposure to unguarded hazardous machinery. The claimant is further limited to simple, routine tasks, work involving no more than simple decision-making, no more than occasional and minor changes in the work setting, and work requiring the exercise of only simple judgment. She is not capable of multitasking, or work requiring considerable self-direction. She can work at an average production pace. She is further precluded from work involving direct public service, in person or over the phone. The claimant can tolerate brief and superficial interaction with supervisors and co-workers, but is not to engage in tandem tasks.

(R.680-81). With respect to Claimant's mental impairments, the ALJ undertook the paragraph B analysis and determined that Claimant had moderate limitations in: (1) understanding, remembering or applying information; (2) interacting with others, (3) concentrating, persisting or maintaining pace; and (4) adapting and managing herself. (R.679-80). At step four, the ALJ found that Claimant was not able to perform any past relevant work. (R.687-88). And at step five, the ALJ found, based on Claimant's age, education, work experience and RFC, that other jobs exist in the

5

national economy that Claimant can perform. (R.687-88). Based on these findings, the ALJ concluded Claimant was not disabled under the Social Security Act. (R.689).

## STANDARD OF REVIEW

Section 405(g) of the Social Security Act provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision, therefore, is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the correct legal standard in reaching his decision. *See Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is ... 'more than a mere scintilla.' ... It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024) (citations omitted). More specifically, the Seventh Circuit stated:

> All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is "sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." … At times, we have put this in the shorthand terms of saying an ALJ needs to provide a "logical bridge from the evidence to his conclusion."

*Id.* at 1054 (citations omitted). When conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a claimant is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990); *see also Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits, the court must defer to the Commissioner's resolution of that conflict.") (internal quotations and citation omitted). The court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *See Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007); *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "reasonable minds could differ" as long as "the decision is adequately supported") (internal quotations and citation omitted).

## ANALYSIS

As a threshold matter and to the extent that Claimant is challenging findings the ALJ made in his initial decision dated June 24, 2021, that decision was vacated by the Appeals Council, and the only decision that is subject to judicial review is the

ALJ's May 3, 2022 decision.[3] Claimant asserts multiple arguments challenging the ALJ's decision, including that: (1) the ALJ failed to consider Claimant's impairments, including breast cancer, loss of vision and depression, and the evidence supporting those impairments which shows they lasted more than 12 months; (2) the ALJ erred by mentioning and/or considering Claimant's obesity because Claimant never claimed she was disabled because her obesity; (3) the ALJ failed to consider all of the medical evidence Claimant submitted and erred because he did not obtain consultative examinations from all of the doctors; and (4) the ALJ did not fully consider Claimant's subjective complaints and the testimony of Claimant's daughter which support Claimant's claim that she is disabled. *See generally* Claimant's Brief and Reply [ECF Nos. 28, 38].

In response, the Commissioner asserts that the ALJ properly considered (1) the medical evidence, (2) the prior administrative medical findings of the State Agency physicians and psychologists, and (3) Claimant's and her daughter's subjective complaints and allegations. Based on the totality of the evidence, the Commissioner also argues that the ALJ reasonably evaluated Claimant's RFC and his assessment is supported by substantial evidence. *See generally* Commissioner's Memorandum [ECF No. 33].

In her Reply [ECF No. 38], Claimant asserts some new arguments that she did not raise in her initial Brief [ECF No. 28]. The Court acknowledges that Claimant is proceeding *pro se*. The law, however, is clear that even a *pro se* litigant waives

---

[3] The Court will not address any arguments Claimant asserts that relate to the ALJ's initial decision dated June 24, 2021.

arguments that are not raised. *See Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013) (holding that an argument that is not raised is waived); *Hendricks v. Barnhart*, 154 F. App'x 529, 531 (7th Cir. 2005) (concluding that a pro se plaintiff waived arguments by failing to raise them in opening brief). The Court, therefore, will not address any new arguments Claimant raised in her Reply. The Court will address the parties' arguments that are properly raised, and for the reasons discussed below, the Court agrees with the Commissioner that the ALJ's decision should be affirmed.[4]

## I.  The ALJ Reasonably Assessed Claimant's Alleged Impairments in Conjunction with the Record Evidence When Determining Her RFC

Claimant essentially argues the ALJ's RFC determination is not supported by substantial evidence because, in her view, the ALJ did not consider fully or sufficiently her impairments. The record, however, shows the contrary. The ALJ did, in fact, find that Claimant's residuals of breast cancer and treatment, her left eye vision disorder, and her depression were "severe impairments" within the meaning of the Act and regulations. (R.678); *see also* 20 C.F.R. § 404.1520(c). The ALJ also found that Claimant's obesity was a non-severe impairment. (R.678). Claimant complains

---

[4] Even if the Court were to consider the new arguments Claimant raised in her Reply [ECF No. 38], those arguments would not change the result in this case. Claimant challenges the vocational expert's testimony that she can perform the jobs he identified in response to the ALJ's hypothetical question if, considering Claimant's age, education, work experience and RFC, there are jobs that exist in the national economy that she could perform. *See* Claimant's Reply [ECF No. 38], at 14-16. The vocational expert identified three jobs, including inspector-sampler, maid-cleaner housekeeping, and mail sorter, and explained how he evaluated whether Claimant would be able to make a successful adjustment to other work based on her age, education, work experience, and RFC. (R.688-89). Although Claimant says she cannot perform the jobs that have been identified because of her limitations, she does not provide any legal basis to challenge the vocational expert's testimony or his conclusion that, based on Claimant's age, education, work experience, and RFC, jobs exist in the national economy that she can perform. (R.688-89).

9

about the ALJ's discussion of Claimant's obesity and finding it a non-severe impairment because she says she never filed a claim based on obesity. Claimant's Brief [ECF No. 28], at 7. Claimant, however, has not cited any case law, and the Court is not aware of any, that an ALJ errs when he identifies a non-severe impairment based on his review of the medical evidence. Case law, in fact, does require an ALJ to consider a claimant's obesity and whether it has any impact on the alleged impairments. *See* Social Security Regulation ("SSR") 02–1p (2002) ( requiring an ALJ to specifically address the effect of obesity on a claimant's impairments); *Villano,* 556 F.3d at 562. And that is what the ALJ did here.

The RFC is the "assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 74184, at *1 (July 2, 1996); *Mandrell v. Kijakazi,* 25 F.4th 514, 516 (7th Cir. 2022); *Jeske v. Saul,* 955 F.3d 583, 593 (7th Cir. 2020). The RFC is a determination of the maximum work-related activities a claimant can perform despite her limitations. *Young v. Barnhart*, 362 F.3d 995, 1000-01 (7th Cir. 2004). Social Security regulations require that the RFC assessment must incorporate all of a claimant's limitations that are supported by the medical record. *Id.* at 1001; *see also* 20 C.F.R § 404.1545(a)(1). When assessing the RFC, the ALJ must point to specific evidence and explain how it led to his conclusions. *See Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011); SSR 96-8p. The ALJ's explanation "must say enough to enable review of whether the ALJ considered the totality of a claimant's

10

limitations" (*Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021)), and he must build a logical bridge from the evidence to his conclusions. *See Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015).

Here, the ALJ summarized Claimant's hearing testimony, her daughter's testimony, and the medical records Claimant submitted and the corresponding treatment she received. (R.681-84). The ALJ specifically discussed: (1) Claimant's breast cancer diagnosis and treatment (R.682-83); (2) Claimant's vision impairment and treatment (R.683-84); and (3) her depression and related mental impairments, the consultative psychological examination and a psychiatric evaluation (R.684). Based on his review of the record, the ALJ concluded:

> To account for the claimant's impairments, I limited the claimant to light level work with postural, visual, environmental, and mental limitations. More specifically, lifting more than 20 pounds occasionally could prove particularly difficult in light of the claimant's alleged residuals relative to her breast cancer and side effects from her medication including hand weakness. For similar reasons, I provided that the claimant can no more than occasionally climb ramps and stairs, stoop, kneel, crouch and crawl, and never balance or climb ladders, ropes or scaffolds. These limitations also take into consideration the claimant's reports of issues with climbing stairs and falling. As a precautionary measure, I provided that the claimant is limited to working in non-hazardous environments, i.e., no driving at work, operating moving machinery, working at unprotected heights, and she should avoid concentrated exposure to unguarded hazardous machinery. Finally, in light of the claimant's visual impairment, particularly her loss of vision in the left eye, I noted that she is incapable of performing tasks requiring precise binocular vision or depth perception. With regard to the claimant's mental impairments, to account for moderate limitations in understanding, remembering, or applying information, I provided the claimant is limited to simple, routine tasks, work involving no more than simple decision- making, no more than occasional and minor changes in the work setting, and work requiring the exercise of only simple judgment. She is not capable of multitasking, or work requiring considerable self-direction. To account for moderate

> limitations in concentration, persistence, or pace, I provided that she can work at an average production pace. These limitations also account for the claimant's moderate limitations in adapting and managing oneself. In light of moderate limitations in interacting with others, I provided that she is further precluded from work involving direct public service, in person or over the phone. The claimant can tolerate brief and superficial interaction with supervisors and co-workers, but is not to engage in tandem tasks.

(R.684-85). The ALJ further explained that "more restrictive findings are not supported by the evidence" because Claimant's "examinations at medical visits have generally been unremarkable including, normal strength, range of motion, and psychiatric examinations." (R.685).

More specifically, as to Claimant's breast cancer, the ALJ explained that March 2020 oncology records noted there is no evidence of the disease and June 2020 treatment notes reflected that she was doing well without evidence of the disease and her infusions continued through August 2020. (R.682-83). As to Claimant's vision impairment, the ALJ explained that the medical evidence did not support vision limitations as severe as alleged by Claimant and her daughter. The ALJ recognized that records showed a worsening of vision in Claimant's left eye, but the records did not reflect the same for her right eye. (R.685). The ALJ specifically discussed records from July 2021 that indicated Claimant was treated for blurred vision with 20/30 visual acuity in the right eye and 20/80 in the left eye. (R.685). The ALJ noted that a January 26, 2022 treatment note stated that inflammation in Claimant's left eye appeared "more quiet" on examination. (R.685). The ALJ also acknowledged a February 2022 note that Claimant reported blurry vision in the right eye, but she declined an offer to have it rechecked. (R.685).

As quoted above, the ALJ included multiple restrictions in the RFC to accommodate Claimant's mental impairments relating to her alleged depression and resulting limitations. Claimant points to various records from Rush Copley Medical Oncology, which she contends supported her depression claim by showing that she took venlafaxine 37.5 to 75 milligrams. Claimant's Brief [ECF No. 28], at 2 (citing Exhibit 11F, pages 14, 16, 18, 24, 25, 32, 34, 36, 38, 41, 48). The ALJ, however, cited a treatment note that indicated Claimant stopped taking Effexor (brand name venlafaxine) because it was ineffective. (R.683). And as the Commissioner asserts, the mere fact that Claimant took venlafaxine does not establish that she had any specific functional limitations, and Claimant does not assert any limitation in connection with taking this medication. Commissioner's Memorandum [ECF No. 33], at 5-6.

In the Court's view, the ALJ did exactly what he was supposed to do; he reviewed the record, weighed the medical evidence, considered Claimant's testimony, and drew reasonable inferences from the totality of the evidence to craft Claimant's RFC. *See Seamon v. Astrue*, 364 F. App'x 243, 247 (7th Cir. 2010) ("The ALJ, however, is not only allowed to, but indeed must, weigh the evidence and make appropriate inferences from the record."). The Court agrees with the Commissioner that substantial evidence supports the ALJ's conclusions, and Claimant has not identified any missing evidence that would render the record incomplete. Commissioner's Memorandum [ECF No. 33], at 3-9. "Mere conjecture or speculation that additional

evidence might have been obtained in the case is insufficient to warrant a remand." *Binion v. Shalala*, 13 F.3d 243, 246 (7th Cir. 1994).

Claimant also asserts, without support or explanation, that the ALJ selectively considered the evidence. Claimant's Brief [ECF No. 28], at 11, 13. Claimant's argument essentially suggests that the ALJ should have weighed the evidence differently, which is not a basis for remand. *See L.D.R. by Wagner v. Berryhill*, 920 F.3d 1146, 1153 (7th Cir. 2019) (citations omitted) (holding that it is not the court's role to reweigh the evidence and it should defer to ALJ's assessment of the record); *Barrett v. Saul*, 822 F. App'x 493, 497 (7th Cir. 2020) (declining the claimant's request to reweigh the evidence). The Court is not persuaded by Claimant's argument.

Claimant also states that she submitted an additional 482 pages of evidence after the ALJ issued his decision on May 3, 2022, and she suggests that the decisions of the ALJ and Appeals Council would have been different if this evidence had been considered. Claimant's Brief [ECF No. 28], at 10. The Appeals Council, however, specifically addressed this additional evidence as follows:

> [Claimant] submitted miscellaneous medical records from Wheaton Eye Clinic, Chicago Cornea, Northwestern Medicine and Sinai Health, with attached correspondence from [Claimant's daughter], dated December 19, 2022 to May 9, 2022 (423 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence. [Claimant] submitted medical records from Chicago Cornea, Sinai Health, and Walgreens, dated November 16, 2022 to December 28, 2022 (15 pages); medical records from Mount Sinai and Northwestern Medicine, dated May 9, 2022 to November 28, 2022 (31 pages); and medical records from Sinai Health, dated June 9, 2022 to November 28, 2022 (25 pages). The Administrative Law Judge decided your case through May 3, 2022. This additional evidence does not relate to the period at issue. Therefore, it does not

affect the decision about whether you were disabled beginning on or before May 3, 2022.

(R.6). As the Appeals Council stated, it received and reviewed the additional evidence that Claimant submitted and concluded that the new evidence would not change the ALJ's decision for the period in question. (R.6). The Appeals Council also did not include the additional evidence in the record. (R.6). The Court cannot not and will not second guess that decision. As for the remainder of the evidence that Claimant submitted, which is dated after the ALJ's May 3, 2022 decision, the Court agrees with the Appeals Council. That new evidence does not relate to the period at issue in this case and whether Claimant was disabled as of June 1, 2019 through May 3, 2022.

The Court is not persuaded the ALJ committed any error when making his RFC determination on the record in this case. In the Court's view, the ALJ provided a sufficient explanation for his RFC finding that Claimant could perform a restricted range of light work with postural, environmental, vision, and mental limitations, and this Court cannot, under applicable law, reconsider that conclusion. For all of these reasons, the Court finds the ALJ's RFC assessment is supported by substantial evidence, and remand is not required.

## II. The ALJ Reasonably Considered the Medical Opinions and Prior Administrative Findings

Claimant also asserts the ALJ "should have ordered consultative examinations from all doctors." Claimant's Brief [ECF No. 28], at 11. The Court disagrees. A psychological consultative examination was performed in January 2020. (R.1404-07). An ALJ's decision whether to consult a medical expert is discretionary, and an ALJ is not required to consult a medical expert when the record is adequate to render a

decision. *See* 20 C.F.R. § 404.1527(e)(2)(iii) (stating that an ALJ may, but is not required to, seek the opinion of a medical expert); *Skarbek v. Barnhart,* 390 F.3d 500, 504 (7th Cir. 2004). Here, the ALJ clearly determined the record contained sufficient evidence for him to evaluate Claimant's RFC, and Claimant does not offer any explanation why she contends additional examinations were warranted in this case. Again, "[m]ere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand." *Nelms*, 553 F.3d at 1098. On this record, the Court is unwilling to find that the ALJ should have ordered another consultative examination, obtained another medical opinion, or consulted a medical expert in this case.

Claimant also generally asserts that the ALJ erred because he did not properly consider the opinions of all her treating physicians, and she lists some evidence but does not indicate what specific opinions she believes the ALJ ignored or why this evidence supports her contention that the ALJ's decision should be reconsidered. Claimant's Brief [ECF No. 28], at 11. The Court disagrees with Claimant.

In his decision, the ALJ stated that he considered the prior administrative medical findings of the State Agency physicians and psychologists. (R.686). The ALJ explained that the State Agency doctors concluded that Claimant did not have any severe physical impairments (R.686). The ALJ also noted that the State Agency psychologists found that Claimant did not have a severe mental impairment (R.686). The ALJ, however, found that these prior administrative medical findings were not persuasive because the State Agency consultants did not consider the evidence

16

submitted after their review. (R.686). Instead, after reviewing the complete record and listening to Claimant's testimony, the ALJ concluded Claimant's residuals from breast cancer, her vision loss, and depression are severe impairments. (R.686).

Claimant also contends she "has submitted substantial medical evidence to establish the consistency of her impairments that has lasted more than 12 months." Claimant's Brief [ECF No. 28], at 6. The Court again disagrees. What Claimant seems to misunderstand is that even though she received treatment for breast cancer, has impaired vision in her left eye, and has struggled with depression for longer than 12 months, all of which the ALJ found to be severe impairments, that does not automatically translate into a finding that she was disabled as defined by the Social Security Act. The records show that Claimant was on a work restriction for several weeks on or about October 2019 when she was receiving radiation for her breast cancer, but that treatment did not last longer than 12 months (R.686), so it did not meet the duration requirement. *See* 42 U.S.C. § 423(d)(1)(A) (disability means the inability to engage in any substantial gainful activity by reason of any medically determinable impairment which has lasted or can be expected to last for a continuous period of not less than twelve months); 20 C.F.R. § 404.1509. The ALJ also discussed a record which contained a statement that Claimant was excused from work in October 2020 while undergoing eye treatment. (R.686). The ALJ explained that he found this opinion to be only somewhat persuasive because again this limitation did not last for 12 continuous months and the record reflected that Claimant's vision in her right eye was normal. (R.686). *See* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1509.

This Court recognizes that Claimant may still experience limitations from her cancer treatment, that she has lost vision in her left eye, and that she may still struggle with depression. The Court also understands and empathizes with Claimant that she has been dealing with these impairments for longer than 12 months. However, the fact that she has been receiving treatment for longer than 12 months or that she has limitations as a result of her impairments that have lasted longer than 12 months again does not mean she is disabled as defined in the Social Security Act and would qualify for disability benefits or supplemental security income.

After reviewing the record, the Court finds that the ALJ reasonably determined Claimant is able to perform light work with all of the restrictions he identified notwithstanding her severe impairments. And in the Court's view, the ALJ sufficiently explained how he evaluated the medical records and opinion evidence and reached his conclusions For all these reasons, the Court finds the ALJ's decision is supported by substantial evidence, and remand is not required.

## III. The ALJ Reasonably Assessed Claimant's Subjective Symptoms

Claimant also generally complains that that the ALJ did fully consider all of her complaints and symptoms. Claimant's Reply [ECF No. 38], at 6, 12, 13. The Court disagrees. When evaluating a claimant's subjective symptom allegations, an ALJ considers several factors, including the objective medical evidence, the claimant's daily activities, his level of pain or symptoms, aggravating factors, medication, course of treatment, and functional limitations. 20 C.F.R. § 404.1529(c); SSR 16-3p, 2017 WL 5180304, at *5-8. "As long as an ALJ gives specific reasons supported by the record, [the Court] will not overturn a credibility determination

18

unless it is patently wrong." *Grotts v. Kijakazi*, 27 F.4th 1273, 1279 (7th Cir. 2022).

"Patently wrong" means that the decision lacks any explanation or support. *Cullinan*

*v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017). Not all the ALJ's reasons must be valid

in a subjective symptom analysis, "as long as *enough* of them are." *Halsell v. Astrue*,

357 F. App'x 717, 722 (7th Cir. 2009) (emphasis in original).

When evaluating Claimant's subjective symptoms, the ALJ specifically

considered, among other evidence, the third-party function reports from Claimant's

daughter and stated:

> The record contains a third-party function report by the claimant's
> daughter, whereby she reports that her mother has limitations due to
> depression from breast cancer, stays in her room, sleeps all day, does not
> prepare meals anymore, needs reminders for things, and does not do
> household chores (Ex. 3E). However, treatment notes generally reflect
> that the claimant exhibits normal physical and psychiatric
> examinations, as set forth above. Although she does have the
> opportunity to observe the claimant on a regular basis, her statement
> regarding the severity and frequency of the claimant's symptoms is not
> consistent with the treatment records. For these reasons, I find this
> opinion, as well as her testimony, to be unpersuasive, although her
> observations were considered in the residual functional capacity
> assessment above.

> The claimant's daughter also submitted a statement dated January 25,
> 2022, which she noted that the claimant takes medications and
> injections that cause daily hot flashes, nausea, dizziness, and vomiting.
> She also indicated that her mother has worsening vision. In addition,
> she reported that her mother's depression was worsening and that she
> was often tearful (Ex. 27F/8). The record also contains a letter by the
> claimant's daughter dated February 5, 2022, whereby she reported that
> the claimant was having issues with being able to hold items and falling
> due to worsening vision (Ex. 29F/2). I find these statements to be
> unpersuasive, as such allegations are not consistent with the record. For
> example, the record does not reflect the claimant falls, has difficulty
> holding onto objects, or has problems with nausea or dizziness. Rather,
> the claimant's physical and psychiatric examinations have been within
> normal limits, as set forth above in more detail.

The record contains another letter by the claimant's daughter dated February 23, 2022, whereby she notes that the claimant is was referred for a food delivery service and home health care (Ex. 36F/3). Attached to the letter is an apparent email regarding the weekly delivery of meals, as well as an email indicating that the claimant sent information to the DHS Rehabilitation Services requesting "help living independently at home" due to difficulty "seeing" (Ex. 36F/14). The email appears to indicate that the claimant applied online and that the referral would submitted and a counselor would be in contact shortly (Ex. 36F/14). I find these statements to be unpersuasive, as the determination processes utilized by DHS Rehabilitation Services and the disability determination process utilized by the Social Security Administration are fundamentally different. DHS Rehabilitation Services does not make a function-by-function assessment of an individual's capabilities (i.e., determine the claimant's residual functional capacity) or determine whether the claimant is able to perform either his past relevant work or other work that exists in significant numbers in the national economy as is required by the Regulations.

In sum, the above residual functional capacity assessment is supported by objective medical evidence including clinical exam findings and treatment notes. My assessment of the claimant's residual functional capacity adequately and fairly accounts for all of her objectively documented symptoms and any further limitations are not supported by the record as a whole for the reasons set forth above

(R.686-87). In the Court's view, these reasons more than minimally support the ALJ's

decision not to fully credit Claimant's subjective complaints or her daughter's reports

about Claimant's alleged symptoms and limitations.

It is not disputed that this Court must give special deference to the ALJ's

credibility finding, and that finding will be overturned only if it is "patently wrong."

*Grotts*, 27 F.4th at 1279. This is a high burden to overcome, and in the Court's view,

Claimant has not met his burden in this case. *See Simila v. Astrue*, 573 F.3d 503, 513

(7th Cir. 2009) ("We review the ALJ's decision directly, but we play an 'extremely

limited' role.") (citation omitted). Based on this record, the Court cannot say the ALJ's

evaluation is not reasonable or that his analysis is patently wrong; nor can the Court

conclude that the ALJ's decision lacks any explanation or support. The Court finds that the ALJ's explanation here is more than sufficient to "minimally articulate" his reasoning for discounting Claimant's allegations. Although Claimant disagrees with the ALJ's assessment and wants the evidence to be weighed differently, she has not shown that the ALJ's evaluation of his subjective symptoms is patently wrong. Therefore, remand is not warranted on this basis.

## CONCLUSION

Accordingly, for all the reasons set forth above, Claimant's Brief [ECF No. 28] is denied, and the Commissioner's Motion for Summary Judgment [ECF No. 32] is granted. The decision of the Commissioner is affirmed, and this case is closed.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: November 18, 2025